People v Butler (2024 NY Slip Op 05506)

People v Butler

2024 NY Slip Op 05506

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

112203
[*1]The People of the State of New York, Respondent,
v
Trevor D. Butler, Appellant.

Calendar Date:October 15, 2024

Before:Clark, J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Todd G. Monahan, Schenectady, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

Clark, J.P.
Appeals (1) from a judgment of the County Court of Franklin County (Derek P. Champagne, J.), rendered October 16, 2019, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree, and (2) from an order of said court, entered October 24, 2019, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant was arrested as a result of an incident wherein he — then 16 years old — engaged in anal sexual contact with a seven-year-old child. Thereafter, defendant waived indictment and agreed to plead guilty to sexual abuse in the first degree in satisfaction of a two-count superior court information. Under the terms of the plea agreement, defendant would be sentenced to 10 years of probation, and he was required to waive his right to appeal, but the issue of youthful offender treatment would be deferred until sentencing. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. Following a combined sentencing proceeding and risk level classification hearing, County Court declined to accord defendant youthful offender treatment, sentenced defendant to a probation term of 10 years and classified him as a risk level three sex offender. These appeals ensued.[FN1]
We affirm. Defendant does not dispute that County Court discharged its statutory obligations under CPL 720.20 to consider defendant for youthful offender treatment — arguing only that the court abused its discretion in declining to order such relief and, in the alternative, that the negotiated term of probation was unduly harsh or severe. However, defendant's challenges to the severity of the sentence imposed and County Court's discretionary denial of youthful offender treatment are precluded by the unchallenged waiver of the right to appeal (see People v Pacherille, 25 NY3d 1021, 1024 [2015]; People v Devarnne-Walls, 211 AD3d 1232, 1233 [3d Dept 2022], lv denied 39 NY3d 1078 [2023]; People v Buckman, 203 AD3d 1243, 1243 [3d Dept 2022]).
As to defendant's risk level classification, County Court classified defendant as a risk level three sex offender (140 points) and, consistent with the provisions of Correction Law § 168-a (3) (a) (i), designated defendant as a sexually violent offender. Upon appeal, defendant does not challenge any of the points assessed with regard to his presumptive risk level classification, contending instead that County Court abused its discretion in denying his request for a downward departure to a risk level two offender. We disagree. "As the party seeking the downward departure, defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Sanders, 228 AD3d 1184, 1186 [3d Dept 2024] [internal quotation marks and citations omitted]; see People v Hyman, 228 AD3d 1080, 1081 [3d Dept 2024]; People v Stammel, [*2]227 AD3d 1322, 1325 [3d Dept 2024]). Even if such factors are established, "the court then must make a discretionary determination as to whether the overall circumstances warrant a departure to prevent an overassessment of defendant's dangerousness and risk of sexual recidivism" (People v Hyman, 228 AD3d at 1081 [internal quotation marks, ellipsis and citations omitted]; see People v Jones, 226 AD3d 1265, 1267 [3d Dept 2024], lv denied ___ NY3d ___ [Oct. 24, 2024]; People v Adams, 216 AD3d 1376, 1378 [3d Dept 2023], lv denied 40 NY3d 904 [2023]). Defendant's acceptance of responsibility and participation in sex offender treatment were taken into consideration by the risk assessment guidelines — as evidenced by the fact that no points were assessed under the relevant risk factors (see People v Sanders, 228 AD3d at 1186; People v Salerno, 224 AD3d 1016, 1017 [3d Dept 2024]; People v Pulsifer, 210 AD3d 1210, 1212 [3d Dept 2022], lv denied 39 NY3d 908 [2023]) and, viewed in the totality of the circumstances, defendant's self-reported history of childhood sexual abuse is insufficient to warrant a downward modification of his risk level classification. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Pritzker, Lynch, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: County Court sentenced defendant and issued a bench decision classifying him as a risk level three sex offender on October 16, 2019, defendant filed his notice of appeal from the judgment of conviction on October 17, 2019 and County Court's written classification order was dated and entered on October 24, 2019. Although defendant's notice of appeal was premature with respect to County Court's order, given the combined nature of the proceedings and in the interest of judicial economy, we excuse the defect, treat the notice of appeal as valid and as encompassing defendant's challenge to his risk level classification and reach the merits of that claim (see CPLR 5520 [c]; People v Harvey, 202 AD3d 1296, 1296 n 1 [3d Dept 2022]; People v Lane, 201 AD3d 1266, 1267 [3d Dept 2022]).